IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

GRUPO PETROTEMEX, S.A. DE C.V. and
DAK AMERICAS LLC,

        Plaintiffs,

                                Civil Action No. 16-cv-02401 SRN-JSM

v.

POLYMETRIX AG,

        Defendant.

_____/

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS OF NON-INFRINGEMENT, INVALIDITY, AND EXCEPTIONAL CASE

Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC (GPT/DAK) hereby move to dismiss Defendant Polymetrix AG's ("Polymetrix") counterclaims of non-infringement, invalidity, and exceptional case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

As set forth in more detail in the Memorandum in Support of Motion, Polymetrix's Answer to Complaint for Patent Infringement and Counterclaims asserts three legally insufficient counterclaims: (1) non-infringement, (2) invalidity, and (3) exceptional case.

Polymetrix's First Counterclaim on Non-infringement and its Second Counterclaim of Invalidity contain only legal conclusions without any supporting factual allegations. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), these conclusory, bare-bones pleadings are insufficient to

give Plaintiffs "fair notice" of the nature of the counterclaims. Because they fall short of the pleading standards required by Fed. R. Civ. P. 8(a)(2), these counterclaims should be dismissed without prejudice.

Polymetrix's Third Counterclaim of Exceptional Case relies on its First Counterclaim and Second Counterclaim, and it too fails because the first two counterclaims were not adequately pleaded. The Third Counterclaim of Exceptional Case is also inappropriate at this early stage of the case. Section 285 of the Patent Act allows attorneys' fees to be awarded to the prevailing party in exceptional cases, but the prevailing party will not be determined until the conclusion of this case. This Third Counterclaim must therefore be dismissed with prejudice.

For the foregoing reasons, and as is more fully set forth in the Memorandum in Support of Motion to Dismiss and all of the pleadings and submissions herein, GPT/DAK respectfully move to dismiss Polymetrix's First Counterclaim of Non-Infringement and Second Counterclaim of Invalidity without prejudice and Polymetrix's Third Counterclaim of Exceptional Case with prejudice.

**[SIGNATURE PAGE FOLLOWS]**

September 1, 2016							Respectfully submitted,

OBLON, McCLELLAND, MAIER
 & NEUSTADT, L.L.P.


By: <u>S/ Eric W. Schweibenz</u>
Eric W. Schweibenz (*Pro Hac Vice*)
Robert C. Mattson (*Pro Hac Vice*)
J. Derek Mason (*Pro Hac Vice*)
John F. Presper (*Pro Hac Vice*)
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2200

NORTON ROSE FULBRIGHT US LLP
Barbara J. D'Aquila, MN Bar No. 002112X
Laura J. Borst, MN Bar No. 032548X
Margaret Rudolph, MN Bar No. 0393371
RBC Plaza
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
(612) 321-2800
barbara.daquila@nortonrosefulbright.com
laura.borst@nortonrosefulbright.com
margaret.rudolph@nortonrosefulbright.com

*Counsel for Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC*