**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| GRUPO PETROTEMEX, S.A. DE C.V. and DAK AMERICAS LLC, | Civil No. 16-cv-02401 (SRN/HB) |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO UNITED STATES CUSTOMS AND BORDER PROTECTION'S OBJECTION TO ORDER ON MOTION TO COMPEL** |
| v. | |
| POLYMETRIX AG, | |
| Defendant. | |

U.S. Customs and Border Protection's ("CBP") Objection (the "Objection") to Magistrate Judge Bowbeer's Order on Plaintiffs' Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC's ("GPT/DAK") Motion to Compel (the "Order") must fail. CBP improperly seeks review of Magistrate Judge Bowbeer's decision under the narrow prescription of Local Rule 72.2, which allows only a party to seek an extremely deferential review to confirm that the Order was not clearly erroneous or contrary to law. Magistrate Judge Bowbeer's decision was careful, well-reasoned, and grounded in the record and the law. It cannot be disturbed.

**Standard of Review**

The law empowers Magistrate Judges to "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Under Local Rule 72.2, "[a] party"—and ***not*** a non-party such as CBP—"may file and serve objections to the [Magistrate

Judge's] order[.]"[1] This review is very limited, requiring the Court only to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." L.R. 72.2(a)(3).

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is *extremely deferential*." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (emphasis added); *Thomas v. Bzoskie*, No. CV 16-3805 (JRT/KMM), 2017 WL 6033673, at *2 (D. Minn. Dec. 6, 2017) (overruling objection when Magistrate Judge considered the record and balanced the appropriate factors). The District Court's review is "limited" to addressing whether the decision is clearly erroneous or contrary to law. *U.S. v. Maxwell*, No. CR 11-369 PAM/FLN, 2012 WL 2859921, at *1 (D. Minn. July 11, 2012). A ruling is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citation omitted). A decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

A reviewing court may not substitute its judgment for that of the Magistrate Judge. As this Court noted, "[i]f the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently."

[1] As an non-party, CBP has no right to file this Objection. *See* L.R. 72.2 (a)(1) (limiting review to a "party"). Other local rules explicitly state when a nonparty may object. *See, e.g.*, L.R. 5.6(d)(2)(C) (allowing parties and nonparties to object to a Magistrate Judge's ruling on a joint motion for continued sealing). CBP's Objection should be dismissed on this ground alone.

*Ackerman v. PNC Bank, Nat. Ass'n*, No. 12-CV-0042 SRN/JSM, 2013 WL 3124509, at *2 (D. Minn. June 19, 2013). Here, the sound and well-reasoned Order must stand.

## Argument

CBP makes two arguments in its Objection—first, that the Order incorrectly compares CBP's treatment of shipments by vessel and aircraft; and second, that the Magistrate Judge erred in applying the standard of review under the Administrative Procedures Act ("APA"). Neither argument has merit.

### I. New Information Should Not Be Considered.

CBP asserts that the "Magistrate Judge did not have the benefit of knowing that a regulation exists authorizing CBP to disclose certain vessel [shipment by water] data . . . [when n]o similar regulation exists for air shipment data." Objection at 6-7. First, if that information was so important, it was incumbent on CBP to provide it to GPT/DAK in its final decision and to Magistrate Judge Bowbeer before she issued the Order.[2] Moreover, this purportedly important distinction was addressed and rejected in the Order, with Magistrate Judge Bowbeer finding that "CBP does not explain and gives no indication of having even considered why—in view of the information that is publicly available—other information on the airbills should be designated as confidential commercial information, let alone why the airbills should be withheld in their entirety." Order at 10.

[2] CBP never even asked for the right to provide supplemental briefing when the Magistrate Judge raised the issue of goods passing through customs by boat versus air. Sept. 14, 2018 Hr'g Tr., Dkt. 274, at 41-43.

Importantly, CBP critically misunderstands the procedure for this review. Under the APA, Magistrate Judge Bowbeer reviewed CBP's final determination and concluded that the rationale stated by CBP did not show a rational basis grounded in the facts before the agency. Order at 15. Pursuant to the pending Objection, this Court is reviewing Magistrate Judge Bowbeer's Order to determine whether it contains clear error or is contrary to law. This is not a *de novo* review. Yet in its Objection, CBP explicitly seeks a review of new information, claiming that "neither party briefed these issues [*i.e.*, "improperly" or "confidential" under 19 C.F.R. § 103.23(b)(6)] prior to the issuance of the Order." Objection at 9. This single sentence acknowledging the Objection is premised on new arguments dooms the Objection.[3]

The law is clear that new evidence and argument may not be considered at this procedural stage. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, No. MDL152666 (JNE/FLN), 2017 WL 1373257, at *2 (D. Minn. Apr. 13, 2017) ("The Court will not consider new evidence that was not submitted to the magistrate judge . . . There is no error in not considering a document that Plaintiffs failed to submit for consideration.") (citations omitted); *see also see also Rhoads v. U.S. Dep't of Veterans Affairs, 2*42 F. Supp. 3d 985, 995 (E.D. Cal. 2017) ("[A]fter-the-fact averments . . . cannot compensate for the fact that [Defendant] did not properly consider and apply its own Touhy regulation factors in response to Plaintiffs' request.") (citation omitted).

[3] Further, CBP's assertion is incorrect because GPT/DAK addressed confidentiality in its briefing. Dkt. 249 at 8-9.

CBP had every opportunity to consider the compelling facts GPT/DAK presented to it and make a reasoned decision. GPT/DAK made every attempt to assist CBP, including engaging in meet and confer efforts over the course of several months and even "narrow[ing] their request to 'four (4) specific shipments of PET into the U.S. from Poland'" and seeking only "information sufficient to identify the shipper, importer, exporter, and consignee of these shipments." *See* Order at 3-5. GPT/DAK even "explained [to CBP] why their request was consistent with 19 C.F.R. § 103.23[.]" *Id.* Despite these accommodations, as the Order correctly finds, CBP made a "conclusory and boilerplate denial" that failed "to provide a rational connection between the facts found and the choice made" and "was unsupported and contrary to the information presented to it by GPT/DAK." Order at 12-13. As the Order noted, CBP did not make an individualized decision, let alone a reasoned one. CBP cannot save itself now by raising new post-decision arguments.

During oral argument, Magistrate Judge Bowbeer directly addressed her concern that "really the only rationale provided [by CBP in its final determination for refusing GPT/DAK's request for information] was that this is an air waybill. An air waybill is ent[ry] information. An[d] entry information is confidential commercial information [ergo] you don't get it." Sept. 14, 2018 Hr'g Tr., Dkt. 274, at 38:4-8. She even asked CBP to admit that was the "sum total of the rationale provided," and CBP conceded "[t]hat's the gist of the explanation." *Id.* at 38:9-12. As the Order noted, even if the requested information is confidential (which Magistrate Judge Bowbeer found CBP did not establish), just because something is "confidential" by statute or regulation does not mean

it is not discoverable. Order at 11 (noting that productions of trade secrets are allowed "pursuant to a subpoena and under a protective order") (citations omitted).

The Magistrate Judge also questioned CBP about 19 C.F.R. § 103.23(b)(6)—which CBP now claims was never really "briefed"—which provides that disclosure will not be authorized when it "would improperly reveal confidential commercial information without the owner's consent (*e.g.*, entry information)." In answering, CBP made "improper" superfluous, saying, "I think what that word means is it's *another* reference to CBP's discretion." Sept. 14, 2018 Hr'g Tr., Dkt. 274, at 30:9-10 (emphasis added). The Order therefore noted, "CBP did not articulate why disclosure under the circumstances of this case would be 'improper,' and thus it effectively read that word out of 19 C.F.R. § 103.23(b)(6)" and "failed to articulate why producing the information under the protective order in the circumstances of this case would be improper." Order at 8, 12. The Order gave effect to "every word" of the regulation, including the word "improper." Order at 10.[4]

When the Magistrate Judge expressed her reservation about CBP's uncompromising treatment of entry information as confidential commercial information, asking if "it's sort of ipse dixit," CBP replied, "I don't know that I would say ipse dixit, Your Honor. I would say plain language, *to put a different spin* on that." Sept. 14, 2018 Hr'g Tr., Dkt. 274, at 33:6-14 (emphasis added). But CBP's last words at the hearing tell it all. "And as it

[4] Indeed, CBP's final determination letter to GPT/DAK (at issue here) did not state what CBP now claims—that a "'proper' disclosure" requires the "owner's consent"—and instead allowed that some unspecified "legal basis that would permit release" of the requested information exists. (*Compare* Dkt. 250-3, Ex. E, p. 2 *with* Objection at 11).

pertains to the airway bill, [CBP has] determined they don't want that to be publicly disclosed. They view it as being confidential commercial information." *Id.* at 44:6-8. And that's it; as the Order noted, "CBP insists no further explanation or analysis was warranted." Order at 8.

But Magistrate Judge Bowbeer was rightfully "unpersuaded by these arguments, " providing multiple reasoned bases for her decision. Order at 9-15. CBP fails to show any one of those bases, let alone all of them, is clearly erroneous or contrary to law. Accordingly, the Order must stand.

## II. Magistrate Judge Bowbeer Applied the APA's Standard of Review.

CBP's second primary argument is that Magistrate Judge Bowbeer "exceeded APA review." Objection at 10. Not true. Magistrate Judge Bowbeer accurately quoted the APA review standard, which allows a court to overturn a final agency decision when that decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; Order at 6. She noted that this standard afforded her a "narrow" review and correctly cited relevant case law. Order at 6. Applying the proper review standard, Magistrate Judge Bowbeer found that CBP's decision was never reasonable or grounded in a genuine and specific analysis of GPT/DAK's particular request.

Claiming error in applying the APA review standard, CBP takes issue with the Order's focus on the words "improperly" and "confidential" in 19 C.F.R. § 103.23. Objection at 9. CBP first argues that all "entry information" is confidential because the words "entry information" are included in the regulation and because CBP says it is so (*i.e.*, the very definition of "ipse dixit"). But the Order squarely addresses this point, noting that

CBP's argument that "all entry information is *per se* confidential commercial information is . . . unavailing," especially because information like "the contents of the shipments, the value of the shipped goods, and the product name are all publicly available[,]" thus belying CBP's claim of complete confidentiality. Order at 9-10. CBP's Objection never answers this point in the Order, fails to refute what the Magistrate Judge found based on the evidence before her, and never explains why air waybills should be withheld in their entirety. The Magistrate Judge was correct, and certainly not clearly erroneous, based on the evidence—not all entry information relating to air is confidential—and CBP's interpretation to the contrary is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Order at 15.

Even for confidential information, disclosure can still occur as long as it is not improper. CBP disagrees with Magistrate Judge Bowbeer's interpretation of "improper" (Objection at 11), but it does not explain exactly what part of the APA review standard Magistrate Judge Bowbeer misapplied. CBP claims disclosure without the owner's consent "would be improper." Objection at 11. But as noted above and in the Order, CBP's interpretation effectively reads the word "improperly" out of the regulation. Order at 8. The Order, on the other hand, gives meaning to the word "improperly" in the regulation and contains a careful and reasoned analysis of CBP's application of the regulation to GPT/DAK's specific request; therefore, it easily survives review under Local Rule 72.2. *See, e.g.*, *Ackerman*, 2013 WL 3124509, at *3 ("The Magistrate Judge based her findings on the parties' correspondence, their briefing on the Motion, and their representations at the hearing on the Motion. Because the Magistrate Judge's account of the events is

plausible, this Court may not reverse even if it would have weighed the evidence differently.") (citation omitted); *Thomas v. Bzoskie*, No. CV 15-2197 (JRT/KMM), 2017 WL 5633094, at *2 (D. Minn. Nov. 21, 2017) (overruling objection).

Even if this Court were to re-examine Magistrate Judge Bowbeer's finding that CBP's interpretation of 19 C.F.R. § 103.23(b)(6) was unreasonable as applied to GPT/DAK's request, CBP's new argument raising the Tariff Act remains unavailing.

First, CBP omits a key portion of Magistrate Judge Bowbeer's reasoning. Magistrate Judge Bowbeer criticized CBP's argument in her decision because "CBP conflates the concept of whether information is or is not publicly available with the concept of whether it is or is not confidential," and this "false equivalence" does not support the "necessary particularized showing" under the agency regulation. Order at 9. To answer this, CBP only now relies on another statute addressing public availability—not confidentiality. Objection at 7 (discussing "public disclosure"). This misses the point of the Order, which related specifically to confidentiality under the regulation and found that protections exist that permit disclosure. Order at 11 (citations omitted).

Second, CBP ignores Magistrate Judge Bowbeer's consideration of the publicly available portions of air waybills. CBP has apparently not wavered from its "logically inconsistent" position that the information is either available elsewhere or it is confidential, and either way, it can be withheld. Order at 9-10. CBP gave no explanation originally—or now—why the identity of the shipper remains confidential in light of the public availability of other air waybill information. *See* Order at 9-10.

Third, and perhaps most importantly, CBP cannot now, at this late stage, attempt to create a new basis for its original determination. Review under the APA is review of the decision CBP *actually made* and gave to GPT/DAK in its final determination, and here, as the Magistrate Judge properly found, that determination was "conclusory and boilerplate." Order at 12. The full text of the agency decision relating to confidential commercial information was only this:

> First, even if the Agency would have any relevant information encompassed by the subpoenas, your request seeks confidential commercial information (e.g., entry information) under 18 U.S.C. § 1905, without obtaining the importer's consent. See 19 C.F.R. § 103.23(b)(6). You have not disclosed a legal basis that would permit the release of any records or information covered by the Trade Secrets Act should they exist.

August 3, 2018 Ltr. from CBP to GPT/DAK, Dkt. 250-3, p. 2.[5]

From this threadbare denial, not even slightly particularized to the facts and circumstances here, Magistrate Judge Bowbeer undertook an extensive review, analyzing CBP's determination, briefing, and argument. In considering CBP's late justifications, Magistrate Judge Bowbeer did more than was required. Indeed, a reviewing court looks at the determination at the time and "cannot 'supply a reasoned basis for the agency's decision that the agency has not given.'" *Rhoads*, 242 F. Supp. 3d at 994 (quoting *Kentucky Riverkeeper, Inc. v. Rowlette*, 714 F.3d 402, 413 (6th Cir. 2013)). In *Rhoads*, the court found that the "final agency determination" did not offer "a rational explanation" for the

[5] The final determination issued on August 29, 2018 stated CBP "still adheres to its August 3, 2018 legal determination regarding your request." Dkt. 250-3, p. 16. It did not add any explanatory language.

denial. *Id.* at 995. No "after-the-fact averments" in briefing could save the agency's decision. *Id.* The same is true here.

It was CBP's obligation to provide a rational determination to GPT/DAK for its refusal to produce the requested records. It failed. Magistrate Judge Bowbeer considered the situation then presented and properly determined that CBP's superficial denial could not withstand scrutiny even under the APA's limited review. Her decision is not clearly erroneous or contrary to law, and it must therefore be upheld.

### III. *Panjiva, Inc. v. U.S. Customs and Border Protection* Does Not Change the Result.

In support of its "confidentiality" argument relating to air shipments, CBP relies heavily on *Panjiva, Inc. v. U. S. Customs and Border Protection*, a recent Southern District of New York decision. 2018 WL 4572251 (S.D.N.Y. Sept. 24, 2018). CBP's *Panjiva* arguments are flawed in two respects. First, CBP overstates the importance of the air versus other shipment distinction in Magistrate Judge Bowbeer's decision; CBP describes it as "[k]ey," without citation to the Order. This is a gross exaggeration. The distinction was one of at least *five independent* reasons why Magistrate Judge Bowbeer found CBP's denial based on alleged confidential commercial information arbitrary or otherwise unlawful. Order at 8-10 and n.5. She also determined that at least three other aspects of CBP's determination were arbitrary or capricious. Order at 12-15. Each reason alone validates the Order.

Second, CBP fails to acknowledge that *Panjiva* is inapposite here. *Panjiva* does not address CBP's withholding of information based on *Touhy* regulations. Rather, it

addresses whether CBP needed to disclose air shipment information in response to a FOIA request (based on a Tariff Act provision making certain shipment information "available for public disclosure") that sought six months of *all* air shipments into the U.S. to prepare a report to customers, *see Panjiva, Inc.*, 2018 WL 4572251, at *3, as opposed to here, where very limited information about four shipments is being sought for solely for this lawsuit and pursuant to both a subpoena and a protective order.

But even if this Court wholly accepts the central holding of *Panjiva* that the Tariff Act's legislative history and statutory text favor reading its section 431 to permit public disclosure of certain shipment information for non-air shipments but not for aircraft manifests, *id.* at *9, it makes no difference here. GPT/DAK do not rely on a public disclosure mechanism in the Tariff Act to obtain the requested records. Indeed, the "Tariff Act"—never uttered at the hearing, s*ee generally* Dkt. 274—is a red herring. And CBP even discounted its other public disclosure argument under Section 1905:

> THE COURT: But 1905 only talks about public disclosure. And there are courts that have said that – in fact, I think there may be a case out of the Eighth Circuit indicating that it is not public disclosure if it's disclosed pursuant to a protective order. So I'm not sure how Section 1905 necessarily helps you here.
>
> MR. BLUMENFIELD: So I'll say –
>
> THE COURT: In the presence of a protective order.
>
> MR. BLUMENFIELD: I understand Your Honor's point. The agency's primary basis for this would be that CFR regulation, we think that the 1905 portion helps us as well.

Dkt. 274 at 27:17-28:10.

In short, CBP only raised public disclosure as an afterthought for withholding the information, and it was not "key" to the Order. The Tariff Act, appropriately, played no role in the Magistrate Judge's decision. CBP's attempt to construct a justification now based on the Tariff Act is unavailing and must be rejected.

## **Conclusion**

The standard of review imposed by the APA is high, but not impossible to meet. In some cases, the agency's ruling can properly be found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. That is precisely what Magistrate Judge Bowbeer found here, because CBP's superficial and boilerplate rejection of GPT/DAK's request did not properly consider the facts before CBP or the entirety of its regulations. Magistrate Judge Bowbeer's Order contained no clear error and nothing contrary to law. Indeed, Magistrate Judge Bowbeer's careful analysis of CBP's decision would withstand even a stricter level of review. But that is not available to CBP here. Not only is CBP (a nonparty) not entitled to review here, but any review by law must be an extremely deferential review, and under such a limited review, the Order must stand. Thus, CBP's Objection must be overruled.

October 19, 2018

Respectfully submitted,

OBLON, McCLELLAND, MAIER
& NEUSTADT, L.L.P.

By: /s/Eric W. Schweibenz

Eric W. Schweibenz (*Pro Hac Vice)*
Robert C. Mattson (*Pro Hac Vice)*
J. Derek Mason (*Pro Hac Vice)*
John F. Presper (*Pro Hac Vice)*
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2200
ESchweibenz@oblon.com
RMattson@oblon.com
DMason@oblon.com
JPresper@oblon.com

NORTON ROSE FULBRIGHT US LLP
Barbara J. D'Aquila, MN Bar No. 002112X
Laura J. Borst, MN Bar No. 032548X
Margaret Rudolph, MN Bar No. 0393371
RBC Plaza
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
(612) 321-2800
barbara.daquila@nortonrosefulbright.com
laura.borst@nortonrosefulbright.com
margaret.rudolph@nortonrosefulbright.com

*Counsel for Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC*