**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| GRUPO PETROTEMEX, S.A. DE C.V. and DAK AMERICAS LLC, | ) | Civil Action No. 16-cv-02401 SRN/HB |
| Plaintiffs, | ) | **DEFENDANT POLYMETRIX AG'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL PRODUCTION OF DEFENDANT'S OPINION OF COUNSEL AND RELATED DOCUMENTS AND COMMUNICATIONS** |
| v. | ) | |
| POLYMETRIX AG, | ) | |
| Defendant. | ) | |

Defendant Polymetrix AG ("Polymetrix") submits this memorandum of law in response to Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC's ("GPT/DAK") Objections to Order Denying Motion to Compel Production of Defendant's Opinion of Counsel and Related Documents and Communications. [ECF No. 569].

GPT/DAK's objections to the Magistrate Judge's Order demonstrate a fundamental misunderstanding of the dispositive findings by the Court. The Magistrate Judge found, in no uncertain terms:

> In sum, the Court finds that *Polymetrix* did not consent to Bühler's disclosure of the July 5, 2017 email to Sanlian prior to or at the time of the disclosure, and that *absent such consent, it did not waive the attorney-client privilege as to that email, its contents, or the communications and opinions of counsel upon which it was based*.

[ECF No. 569 at 8] (emphasis added). The Court's finding of no waiver of the attorney-client privilege *by Polymetrix* was the only finding the Court needed to make to deny GPT/DAK's motion. Since there was no waiver, there was and is no need for the Court to determine its scope.

Notably, in their memorandum objecting to the Magistrate Judge's Order, GPT/DAK rely on cases where the *privilege holder* itself waived the privilege by disclosing a portion of a privileged communication or document. [ECF No. 572 at 3-5] (citing *Electro Scientific Indus., Inc. v. Gen. Scanning, Inc.*, 175 F.R.D. 539 (N.D. Cal. 1997) and *U.S. v. Jacobs*, 117 F.3d 82, 89–91 (2d Cir. 1997), *abrogated on other grounds by Loughrin v. U.S.*, 134 S. Ct. 2384, 2388 n.2 (2014)). But as the Magistrate Judge correctly ruled, neither case applies to the scenario here because:

> . . . those decisions only pertain to the extent of a waiver when a waiver has occurred; they do not permit further disclosure of an opinion as to which the client never waived privilege in the first place. The Court has already concluded that Polymetrix did not waive its attorney-client privilege with regard to the July 5, 2017 email, so it need not consider what additional information should, in fairness, be revealed.

[ECF No. 569 at p. 10]. Put another way, these cases, and GPT/DAK's newly coined legal doctrine of "summary statement waiver," have no applicability to the facts here. Polymetrix, the "privilege holder," did not waive the attorney-client privilege with respect to the July 5, 2017 email, regardless of Sanlian's publication of the summary statement in its filings with Shenzhen Stock Exchange. Contrary to GPT/DAK's misplaced assertion, the Magistrate Judge's finding is not "circular and incorrect." [ECF No. 572 at 4].

Regarding GPT/DAK's second newly coined legal doctrine of "waiver-by-inaction," even if such a doctrine existed, it would not apply here. Indeed, in the cases cited by GPT/DAK, the privilege holder was aware of a voluntary or inadvertent disclosure and did not take action to prevent it or "claw it back." As a result, the courts in those cases found an implied waiver. But as the Magistrate Judge correctly found, Polymetrix did not learn about the disclosure of the summary statement in Sanlian's filings with Shenzhen Stock Exchange until December 2018, when GPT/DAK raised the issue in this litigation - nearly eighteen months after Polymetrix first disclosed the July 5, 2017 email to Bühler. [ECF No. 569 at 9-10]. And by that time, as the Magistrate Judge also correctly found, "there was nothing Polymetrix could have done to undo" it. *Id*. The Magistrate Judge's findings on the issue of Polymetrix's alleged "inaction" were completely consistent with the law on implied waivers.

Because the Magistrate Judge's Order contained no clear error and nothing contrary to law, GPT/DAK's objections should be overruled and the Order should be upheld in its entirety.

Dated: March 31, 2020

Respectfully Submitted,

DERGOSITS & NOAH LLP

By: /s/ Todd A. Noah

Todd A. Noah (*Pro Hac Vice*)
One Embarcadero Center, Suite 350
San Francisco, CA 94111
(415) 705-6377
tnoah@dergnoah.com

FAEGRE DRINKER BIDDLE
& REATH LLP
Bernard E. Nodzon, Jr., MN Bar No. 032422X
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
bj.nodzon@faegrebd.com

Attorneys for POLYMETRIX AG