# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Grupo Petrotemex, S.A. DE C.V., and DAK Americas, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Polymetrix AG, <br><br> Defendant. | Case No. 16-cv-2401 (SRN/HB) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Eric W. Schweibenz, John F. Presper, J. Derek Mason, and Robert C. Mattson, Oblon, McClelland, Maier & Neustadt, LLP, 1940 Duke Street, Alexandria, VA 22314, and Barbara J. D'Aquila, Margaret Rudolph, and Laura J. Borst, Norton Rose Fulbright US LLP, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402 for Plaintiffs.

Todd A. Noah, Stephen H. Youtsey, and Igor Shoiket, Dergosits & Noah LLP, One Embarcadero Center, Suite 350, San Francisco, CA 94111, and Bernard E. Nodzon, Jr., Theodore M. Budd, and Timothy M. Sullivan, Faegre Drinker Biddle & Reath LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402 for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

Before the Court are Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC's (collectively, "Plaintiffs") Objections ("Pls.' Obj.") [Doc. No. 572] to Magistrate Judge Bowbeer's March 13, 2020 Order on Plaintiffs' Motion to Compel ("March 13, 2020 Order") [Doc. No. 569]. Defendant Polymetrix AG ("Polymetrix") urges the Court to overrule Plaintiffs' Objections and adopt the Order in full. (*See* Def.'s Resp. to Obj. [Doc. No. 573.])

Based on a review of the record, and for the reasons set forth below, the Court overrules Plaintiffs' Objections and affirms the March 13, 2020 Order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

The facts pertinent to this matter have been accurately detailed in the March 13 Order, and will not be repeated in full here. (Order at 1-5.) Stated briefly, Plaintiffs brought this patent infringement action against Polymetrix in July of 2016. (*Id.* at 1.) The instant dispute concerns certain communications that occurred when Polymetrix's parent corporation, Bühler Holding, AG ("Bühler"), was negotiating the sale of a majority stake in Polymetrix to a third-party buyer, Beijing Sanlian Hope Shin-Gosen Technical Service Co ("Sanlian"). These negotiations began after the start of this patent infringement action. (*Id.* at 2.)

On March 22, 2018, Bühler completed its sale to Sanlian of 80% of its shares of Polymetrix. (*Id.*) (citing Müller Suppl. Decl. ¶ 7).) The record reflects that Polymetrix was not directly involved in the negotiations between Bühler and Sanlian. (*Id.*) Yet as described below, Polymetrix and Bühler conferred on the handling of the pending patent action, including whether Bühler would retain liability for the litigation after the sale. (*Id.*)

Indeed, during these acquisition negotiations, Polymetrix's counsel, Mark Wilming, provided Polymetrix and Bühler an email dated July 5, 2017, (the "July 5, 2017 Email"), which included, among other things, an assessment of the risks associated with the present patent litigation. (*Id.* at 3.) In preparing this email, Mr. Wilming asked Polymetrix's lead trial counsel in this action, Todd Noah, to draft an assessment of the litigation. (*Id.*) Based on his assessment, Mr. Wilming incorporated a "summary statement" from Mr. Noah into the

July 5, 2017 Email.  (*Id.*)  Mr. Wilming then sent the July 5, 2017 Email to both Polymetrix and Bühler.  Because Bühler owned 100% of Polymetrix at the time, Polymetrix claims that Mr. Wilming was authorized to share this email under the protections of the common interest doctrine.  (*Id*. at 3 (citing Müller Suppl. Decl. ¶ 3).)

What transpired next, however, sparks this dispute.  During negotiations, Sanlian also inquired about the pending patent litigation.  (*Id*. at 2.)  In response, a Bühler employee, Frank Zimmerman, shared the July 5, 2017 Email with Sanlian, who then publicly revealed certain information from this email.  (*Id*. at 2-4.)  In its public filings with the Shenzhen Stock Exchange, Sanlian referenced Plaintiffs' pending lawsuit against Polymetrix, and three documents contained the following statement:

> In the opinions of [Mr.] Noah and [Mr.] Wilming, it is less likely that Polymetrix infringed any of the three patents and it is very unlikely that Polymetrix infringed any two of the three patents.

(*Id*. at 4.)  Polymetrix does not dispute this disclosure is based on the "summary statement" Mr. Wilming included (from Mr. Noah) in the July 5, 2017 Email.

But the record demonstrates that Polymetrix never consented or authorized Bühler to share the July 5, 2017 Email, or the underlying content, to Sanlian at any time during the negotiations.  (*Id*. at 3 (citing Müller Suppl. Decl. ¶ 4); Wilming Decl. ¶ 4.)  And although Bühler's in-house counsel authorized Mr. Zimmerman to share the July 5, 2017 Email with Sanlian, the company claims it never authorized Sanlian to disclose the contents publicly.  (*Id*. at 4-5.)  Both Polymetrix and Bühler appear to have learned about this public disclosure when Plaintiffs in the pending litigation brought this issue to Mr. Noah's attention in

December of 2018, eight months after Sanlian had acquired a majority interest in Polymetrix. (*Id*. at 4.)  At the time, Polymetrix also learned that the July 5, 2017 Email was shared with Sanlian by Bühler without its consent.  (*Id*. at 4.)

### B.  Plaintiffs' Motion to Compel

On December 12, 2019, Plaintiffs moved to compel the opinion of counsel provided by Todd Noah to Polymetrix, ("Mot. to Compel" [Doc. No. 485]), arguing that Polymetrix waived attorney-client privilege to "all documents and communications related to the subject matter" of the July 5, 2017 Email.  (Pls.' Suppl. Mem. Mot. to Compel ("Pls.' Mem") [Doc. No. 551] at 4.)  Accordingly, Plaintiffs also seek "all communications and documents" related to Mr. Noah's opinion.

Polymetrix opposed Plaintiffs' motion on the grounds that, while the disclosure of the "summary statement" in Sanlian's stock exchange filings amounts to a "waiver" of the privilege for the particular statement revealed, the waiver does not extend beyond that statement.  Polymetrix contends that it never waived privilege for any of the confidential communications at issue, including communications related to the content of the July 5, 2017 Email.  (Def.'s Suppl. Opp'n. Mot. to Compel ("Def.'s Opp'n") [Doc. No. 540] at 4.)

In denying Plaintiffs' motion, Magistrate Judge Bowbeer concluded that Polymetrix never waived attorney-client privilege for Mr. Noah's communication.  Specifically, Judge Bowbeer determined that Polymetrix did not waive privilege when Mr. Wilming sent the July 5, 2017 Email to Bühler because both companies shared a common legal interest.  (Order at 6.)  Thus, under the common interest doctrine, Polymetrix's disclosure of the July 5, 2017 Email did not constitute a waiver beyond what was revealed in Sanlian's filings with the

Shenzhen Stock Exchange. (*Id*. at 6-7.) Judge Bowbeer further found that the transfer of the July 5, 2017 Email to Sanlian did not waive the privilege because the transfer was unauthorized by Polymetrix. Since Polymetrix never gave permission to its parent company to share the document, "Bühler could not waive the attorney-client privilege on Polymetrix's behalf." (*Id*. at 8.)

Finally, Judge Bowbeer concluded that Polymetrix never "impliedly waived" the privilege by taking no action after it learned of (1) the disclosure of the July 5, 2017 Email to Sanlian; and (2) the public disclosure of the "summary statement" in Sanlian's stock exchange filings. (*Id*. at 9.) By the time Polymetrix discovered both disclosures, Judge Bowbeer found there was "no reason" for it to "claw back" the email from Sanlian. (*Id*. at 9.) Sanlian had become a significant majority owner of Polymetrix. (*Id*. at 10.) Likewise, once the "summary statement" was public, Judge Bowbeer found "there was nothing Polymetrix could have done to undo" this disclosure "once it became aware of it." (*Id*. at 10.)

In their Objections, Plaintiffs argue that the magistrate judge's ruling is "clearly erroneous and contrary to law" for three main reasons. First, Plaintiffs contend that the ruling "erroneous[ly] distinguishes" two relevant holdings because there is no dispute that a "waiver" occurred as to the "summary statement" in Sanlian's stock exchange filings. (Pls.' Obj. at 3-5) (citing *Electro Scientific Indus., Inc. v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 541–44 (N.D. Cal. 1997); *U.S. v. Jacobs*, 117 F.3d 82, 89–91 (2d Cir. 1997), *abrogated on other grounds by Loughrin v. U.S.*, 134 S. Ct. 2384, 2388 n.2 (2014)). According to Plaintiffs, the law mandates that the privilege here is "automatically waived on the entire underlying opinion . . . *irrespective of context*." (*Id*. at 4) (emphasis in original). Second,

Plaintiffs assert that the ruling fails to address the scope of the "subject matter waiver" here altogether, (*id*. at 5-8, 12-14). Third, Plaintiffs argue that the magistrate judge erred in ruling that Polymetrix need not have remedied the unauthorized disclosure of the July 5, 2017 Email when it was discovered, (*id*. at 8-11).

## III. DISCUSSION

The Court's review of decisions of a magistrate judge on nondispositive matters is limited to determining whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a)(3). Such an order is "clearly erroneous" when, after a thorough review of the record, the "court is left with the definite and firm conviction that a mistake has been committed." *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Thorne v. Wyeth*, No. 06-cv-3123 (PAM/JJG), 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007)). The order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co*., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)). The standard of review of "an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc*., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

Here, Plaintiffs do not dispute that the "common interest" doctrine applies to Polymetrix's disclosure of the July 5, 2017 Email to Bühler and hence that no waiver is effected by this particular communication. Neither do Plaintiffs claim that Polymetrix provided its consent to share the July 5, 2017 Email with Sanlian.

Rather, Plaintiffs object to the Order's waiver analysis because of the alleged effect of

the "waiver" of the "summary statement" in Sanlian's stock exchange filings. (Pls.' Obj. at 3-5.) Citing two decisions, Plaintiffs claim, incorrectly, that the uncontested "waiver" of the "summary statement" in Sanlian's stock exchange filings "mandate[s]" the automatic disclosure of the "entire underlying opinion." (*Id*. at 4-5) (arguing that the relevant law requires that "once a waiver has occurred as to a summary statement, the waiver automatically extends to the underlying opinion upon which that summary statement was based."). Plaintiffs assert that Judge Bowbeer misapplied the law to the facts here.

The Court disagrees. Plaintiffs' reliance on the rulings in *Electro Scientific* and *Jacobs* is misplaced. Contrary to their assertions, neither rulings "automatically" extend a waiver to the underlying opinion once a portion of the communication was disclosed. In *Electro Scientific*, for instance, the court found that the privilege holder, GSI, "intentionally disclosed" an "important part" of a privileged communication in a News Release to customers. 175 F.R.D 539, 541-544 (noting this fact was "critical" to the court's waiver analysis). Accordingly, the court determined GSI could not "reasonably believe that it would be able to preserve the confidentiality of the *other* parts of that communication." *Id*. at 543 (emphasis added). Likewise, in *Jacobs*, the privilege holder disclosed a portion of a privileged communication while marketing a program to customers. 117 F.3d 82, 89-91. In mandating the disclosure of the underlying confidential material, the *Jacobs* court determined the privilege holder appeared to convey inaccurately his attorney's advice to third parties, (*id*. at 90), which only served to further his own financial interests.

Unlike the situations in *Electro Scientific* and *Jacobs*, here, the privilege holder (Polymetrix) never "intentionally disclosed" *any* part of a privileged communication to

7

Sanlian. As such, the Court need not determine whether Polymetrix "reasonably believed the *other* parts" of the communication would be confidential. *Electro Scientific*, 175 F.R.D. at 543 (emphasis added). And, as for the public release of such information, both privilege holders in *Electro Scientific* and *Jacobs* appear to have voluntarily shared a portion of confidential information to advance their own commercial interests. Polymetrix, in contrast, did not stand to gain financially from the public release of the "summary statement," which also factors against "mandating" the disclosure of the underlying opinion. *See* Order at 8 (noting that "all of the information before the Court indicates the decision to disclose the opinion to Sanlian was made *by Bühler, for Bühler's benefit* in its negotiations with Sanlian—negotiations in which Polymetrix played no part—and that Polymetrix did not even know about the disclosure, let alone consent to it.") (emphasis in original).

The Court therefore agrees with Judge Bowbeer's waiver analysis. Despite the public release of the "summary statement" in Sanlian's stock exchange filings, the Court finds that this release did not effect a waiver of attorney-client privilege. Polymetrix never consented to share the July 5, 2017 Email with Sanlian, much less authorize the public release of this information. Absent such consent, Judge Bowbeer correctly concluded that Polymetrix never waived "the attorney-client privilege as to that email, its contents, or the communications and opinions of counsel" on which the email was based. (Order at 8.)

Plaintiffs next contend that the Order failed to consider the scope of the unauthorized "waiver" of the "summary statement" in Sanlian's stock exchange filings. (*See* Pls.' Obj. at 5-8, 12-14.) Without a waiver effected by the privilege holder here, the Court need not determine how broad such a waiver might be, which Plaintiffs concede is a matter of

discretion for the Court. *See*, *e.g.*, *Electro Scientific*, 175 F.R.D. at 543. The Court therefore agrees with Judge Bowbeer's analysis that the Court "need not consider what additional information should, in fairness, be revealed." (Order at 10-11.) Unless Polymetrix itself proposes or attempts to "use the [underlying] opinion in this litigation or in some other public, non-privileged forum," the unauthorized "waiver" here only extends to the statement actually revealed in Sanlian's public stock exchange filings. (*Id.* at 11.)

Finally, Plaintiffs contend that Polymetrix waived the privilege here by its inaction after discovering the unauthorized disclosure of its confidential information. The Court is unpersuaded by this argument. As Magistrate Bowbeer correctly determined, Plaintiffs cite no authority that supports finding an implied waiver here. Indeed, in the cases upon which Plaintiffs rely, the privilege holder was aware of a voluntary or inadvertent disclosure, but still did not act to prevent it or "claw back" the documents. (Pls.' Obj. at 10.) None of the cited cases require Polymetrix to "claw back" the July 5, 2017 Email from Sanlian nearly eighteen months after this issue was brought, for the first time, to Polymetrix's attention. As Judge Bowbeer correctly found, "there was nothing Polymetrix could have done to undo it." (Order at 9-10.) In sum, the Court finds no error in Judge Bowbeer's conclusion that Polymetrix's alleged inaction never amounted to an "implied waiver."

The Court thus assigns no error to Judge Bowbeer's findings and her application of the relevant law to the facts.

## IV.   ORDER

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY**

**ORDERED THAT**:

1. Plaintiffs' Objections [Doc. No. 572] to the Order on Plaintiffs' Motion to Compel [Doc. No. 569] are **OVERRULED**;

2. Magistrate Judge Bowbeer's Order of March 13, 2020 [Doc. No. 569] is **AFFIRMED**.

Dated:   April 26, 2020                                           s/Susan Richard Nelson
                                                                              SUSAN RICHARD NELSON
                                                                              United States District Judge