## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Grupo Petrotemex, S.A. DE C.V., DAK Americas LLC, | Case No. 16-cv-2401 (SRN/HB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Polymetrix AG, | |
| Defendant. | |

Barbara D'Aquila and Margaret Rudolph, Norton Rose Fulbright US LLP, 60 S. 6th St., Ste. 3100, Minneapolis, MN 55402; Eric Schweibenz, J. Derek Mason, John F. Presper, and Alexander Englehart, Oblon, McClelland, Maier & Neustadt, LLP, 1940 Duke St., Alexandria, VA 22314, for Plaintiffs.

Bernard E. Nodzon, Jr., Theodore Budd, Timothy Sullivan, Faegre Drinker Biddle & Reath LLP, 90 S. 7th St., Ste. 2200, Minneapolis, MN 55402; Igor Shoiket, Stephen Youtsey, and Todd Noah, Dergosits & Noah LLP, One Embarcadero Center, Ste. 350, San Francisco, CA 94111, for Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiffs' Objections [Doc. No. 655] to Magistrate Judge Hildy Bowbeer's July 20, 2020 Order ("the Order") [Doc. No. 653]. In the Order, Magistrate Judge Bowbeer granted Defendant's Motion to Compel, in which Defendant requested that the depositions of its employees and Rule 30(b)(6) corporate designees be conducted remotely. (Order at 2–10.) For the reasons set forth below, the Court overrules Plaintiffs' Objections and affirms the Order.

## I.       BACKGROUND

Plaintiffs Grupo Petrotemex, a Mexican corporation in the business of manufacturing polyethylene terephthalate ("PET"), a chemical used to make a variety of plastic products, and DAK Americas, a U.S. company that is the exclusive licensee of the patents in suit, brought this patent infringement lawsuit against Defendant Polymetrix, a Swiss corporation that designs, engineers, supplies, and builds plants that manufacture PET.  (*See* Compl. [Doc. No. 1] ¶¶ 2–4, 17.)  Plaintiffs allege that Polymetrix develops and sells polymer processing equipment that practices Plaintiffs' patented inventions. (*Id.* ¶ 15.)

In the underlying motion, Polymetrix moved the Court for an order requiring that the previously noticed depositions of its employees and Rule 30(b)(6) designees, Messrs. Polyakov, Müller, and Christel, be taken the week of August 3, 2020, by remote video conference, with the witnesses physically located in Switzerland.  (*See* Order at 1.) Plaintiffs opposed the motion, arguing that the depositions should occur in-person, at a time and place mutually convenient to the parties, and in a manner consistent with the travel limitations necessitated by the COVID-19 pandemic.  (*Id.*)   In particular, Plaintiffs proposed to conduct the depositions in St. Maarten, a country in the Caribbean.  (*Id.*)

Magistrate Judge Bowbeer found, pursuant to Rule 30(b)(4), that the depositions should be taken by remote means.  (*Id.*)  While the magistrate judge acknowledged that in-person depositions are desirable under ordinary circumstances, "these are not ordinary circumstances," given the serious risks of COVID-19 posed by travel and in-person

2

gatherings at this time.  (*Id.* at 2–3.)   And although Plaintiffs' proposed location of St. Maarten might be permissible from a legal or regulatory standpoint, Magistrate Judge Bowbeer observed that holding depositions there could still require the parties and witnesses to self-quarantine upon returning home, and both travel and in-person proceedings could expose the participants to a substantially greater risk of contracting COVID-19 than if the depositions proceed remotely.  (*Id.* at 3.)

In addition, Magistrate Judge Bowbeer addressed the schedule and protocol for the depositions.  (*Id.* at 4–10.)  Due to the time-sensitive nature of the matters addressed in the Order, the magistrate judge set a truncated period of time for a party to file an objection to the order, and for the opposing party to respond.

Plaintiffs timely objected to the Order.  They argue that the magistrate judge's ruling "does not meaningfully address the specific facts of record here which demonstrate that any general concern over the risks posed by COVID-19 are lessened in this case for a number of reasons."  (Pls.' Objs. at 2.)  They first note that none of Defendant's witnesses have filed declarations identifying any specific health concerns that would prevent them from traveling to St. Maarten for in-person depositions.  (*Id.*)  Second, Plaintiffs assert that the magistrate judge failed to consider that St. Maarten has had less than 80 confirmed COVID-19 cases, only 15 deaths since March 2020, and, as of the Plaintiffs' July 21, 2020 filing, only one confirmed case on the entire island.  (*Id.*)   Third, they contend that Switzerland currently has no requirement for self-isolation for travelers returning from St. Maarten.  (*Id.*)  Fourth, while Plaintiffs acknowledge that Rule 30(b)(4) does not require a

showing of good cause to permit remote depositions, they argue that the balance of interests requires Polymetrix to provide more than a "generalized fear of travel in light of the COVID-19 pandemic." (*Id.* at 2–3.)  Finally, Plaintiffs assert that Defendant has slowed the progression of this case on failed jurisdictional challenges, such that it would be reasonable to "wait a while to see if the depositions could take place in person in London, Europe, or the U.S. in the not too distant future." (*Id.* at 3.)

In response, Defendant takes issue with several aspects of Plaintiffs' proposal to conduct the depositions in St. Maarten, and urges the Court to affirm Magistrate Judge Bowbeer's Order.  For instance, Defendant disputes Plaintiffs' calculation of the estimated travel time for the witnesses, who would be flying from Zurich, Switzerland to St. Maarten, and the potential risk for defense counsel, who would be traveling from the San Francisco Bay Area through the COVID-19 hotspot of Miami.  (Def.'s Resp. to Objs. [Doc. No. 659] at 2–3.)  In addition, Defendant contends that it is entirely unclear whether St. Maarten will even be accepting flights from the United States in early August, and whether counsel for both sides would meet St. Maarten's entry requirements, which include testing within 72 hours prior to travel.  (*Id.*)  On a more fundamental level, Defendant asserts that it is unnecessary to provide statements or declarations expressing specific health concerns because the *sole* health concern of the defense witnesses and counsel is COVID-19, for which the risks and hardships of in-person depositions are "obvious." (*Id.* at 3, 7.)

4

## II.     DISCUSSION

In reviewing an order from a magistrate judge on nondispositive matters, such as a motion to compel, the standard of review "is extremely deferential."  *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).   The Court must set aside portions of an order only if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); Local Rule 72.2.

Here, the magistrate judge's Order was neither clearly erroneous nor contrary to law.  Rule 30(b)(4) allows parties to stipulate, or the court to issue an order upon a motion, that a deposition "be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).

COVID-19 "'is a potentially fatal illness with the ability to spread through asymptomatic or pre-symptomatic carriers, with no approved cure, treatment, or vaccine[.]'"  *Rouviere v. DePuy Orthopaedics, Inc*., No. 1:18-CV-04814 (LJL)(SDA), 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020) (quoting *Joffe v. King & Spalding LLP*, No. 17-CV-03392 (VEC), 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020)) (footnote omitted).  Due to the COVID-19 pandemic, conducting depositions remotely has become the "new normal."  *See In re Broiler Chicken Antitrust Litig*., No. 16-CV-08637, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020) ("Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19." (citing cases)).  Recent court rulings that have permitted remote depositions during the pandemic have "buil[t] on

pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time." *Id*. (citing cases).

Magistrate Judge Bowbeer acknowledged the indisputable health risks connected with travel and in-person gatherings during this pandemic. (Order at 2–3.) Defendant's concerns are understandable, regardless of the current level of outbreak in St. Maarten or the self-quarantine requirements for travelers returning to Switzerland. In between those start and end points, travelers must find transportation to and from airports, interact with security personnel, airline personnel, and other travelers, sit in relatively close proximity to other travelers on airplanes, and stay in hotels. Should these deponents or counsel become ill while in St. Maarten, they would be thousands of miles away from home, their families, and their own medical providers.

In addition, even with the protection of masks and social distancing, an in-person deposition generally requires the participants to sit in a shared, enclosed space, for prolonged periods of time. Indeed, "the hardship that would be caused to [witness(es) and . . . counsel] by an in-person deposition is obvious," *Rouviere*, 2020 WL 3967665, at *3, as "'social distancing does not guarantee a safe deposition environment.'" *Id.* (quoting *Joffe*, 2020 WL 345452, at *7).

As to the potential prejudice that Plaintiffs identify if the depositions proceed remotely, the Court appreciates that this case involves a great deal of complex document discovery. However, "'courts have found that exhibits can be managed in remote

depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently.'" *Rouviere*, 2020 WL 3967665, at *3 (quoting *United States for Use & Benefit of Chen v. K.O.O. Constr., Inc*., 106 Fed. R. Serv. 3d 1383, 2020 WL 2631444, at *2 (S.D. Cal. 2020)).  In addition, there are many resources available from vendors and throughout the legal community to assist counsel in preparing for remote depositions.  *Id.* (citing *Grano v. Sodexo Mgmt., Inc*., No. 18-CV-01818 (GPC) (BLM), 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) ("There are numerous resources and training opportunities available throughout the legal community to assist Sodexo's counsel in the operation and utilization of the new technology.")).

As to the lack of the ability to replicate witness examination in a courtroom when taking a remote deposition, "[i]f the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless."  *Id.* (citing *Robert Smalls Inc. v. Hamilton*, No. 09-CV-07171 (DAB) (JLC), 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010)).

On balance, the Court finds that the potential risk of danger and hardship to witnesses, counsel, court reporters and videographers will be considerably lessened through remote video depositions, and outweighs the potential prejudice to Plaintiffs.

Finally, Plaintiffs also object to the starting date of August 3, 2020, at 7:30 a.m. EDT, arguing that the depositions should be delayed until the parties agree on a mutually acceptable starting date in September or until they agree on a date and time for in-person

depositions.  (Objs. at 4.)  The Court assigns no error to the magistrate judge's scheduling

decisions.  Given the extensive motion practice in this case—which was filed four years

ago—it is in the interest of all parties to proceed expeditiously.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS**

**HEREBY ORDERED** that

1. Plaintiffs' Objections [Doc. No. 655] to the July 20, 2020 Order are

   **OVERRULED**; and

2. Magistrate Judge Bowbeer's July 20, 2020 Order [Doc. No. 653] is
   **AFFIRMED**.


Dated: July 23, 2020                                    s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge