IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GRUPO PETROTEMEX, S.A. DE C.V. and DAK AMERICAS LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>POLYMETRIX AG,<br><br>  Defendant.<br>_____ | Civil Action No. 16-cv-02401 SRN-HB<br><br>**ORDER APPOINTING ADDITIONAL COMMISSIONERS TO TAKE EVIDENCE PURSUANT TO CHAPTER II, ARTICLE 17 OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

The Court, having reviewed the papers submitted in support of Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas LLC (collectively, "GPT/DAK") Unopposed Expedited Motion for Appointment of Additional Commissioners to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Motion"), IT IS HEREBY ORDERED THAT:

(a) The Motion is GRANTED;

(b) Pursuant to Article 17 of the Hague Convention, Alexander Englehart and Marine Largant are duly appointed, pending the approval of the Swiss Federal Department of Justice and Police ("FDJP"), as Commissioners to take evidence in the above-captioned action, specifically in connection with the depositions of Danil Polyakov, Martin Müller, and Andreas Christel in their individual capacities and one or more witnesses to testify on behalf of Polymetrix pursuant to GPT/DAK's Rule 30(b)(6) notice served on Polymetrix

on February 14, 2020, subject to the parties' agreement regarding the scope of the topics in the notice;

(c) This signed Order will be given to the counsel for GPT/DAK who are directed to file it with the necessary application for authorization from the relevant Swiss authorities within five (5) business days of the date of this order;

(d) By filing the request to appoint Mr. Englehart and Ms. Largant as Commissioners, the parties do not intend to invalidate or suspend the June 15, 2020 decision by the FDJP, or to postpone the videoconference depositions beginning on August 3, 2020, and the parties are directed to include a statement to that effect in their communications with the FDJP;

(e) Neither this Order, nor the terms of the Court's Request (which is incorporated into this Order) shall constitute or operate as a waiver of the attorney-client privilege, the work product doctrine, or any other privileges, rights, or protections that may apply to evidence under the laws of Switzerland or the United States.

SO ORDERED.

Dated:  July 25, 2020         _s/ Hildy Bowbeer_____
                              The Honorable Hildy Bowbeer
                              United States Magistrate Judge