UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Grupo Petrotemex, S.A. de C.V., and DAK Americas LLC, <br><br>   Plaintiffs, <br><br> v. <br><br> Polymetrix AG, <br><br>   Defendant. | Case No. 16-cv-02401 (SRN/HB) <br><br><br> **ORDER** |

Alexander Englehart, Eric W. Schweibenz, J. Derek Mason, and John F. Presper, Oblon, McClelland, Maier & Neustadt, LLP, 1940 Duke Street, Alexandria, VA 22314; and Margaret Rudolph, Norton Rose Fulbright US LLP, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402, for Plaintiffs.

Bernard E. Nodzon, Jr. and Lauren Marie Williams Steinhauser, Faegre Drinker Biddle & Reath LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; Igor Shoiket, Stephen H. Youtsey, and Todd A. Noah, Dergosits & Noah LLP, One Embarcadero Center, Suite 350, San Francisco, CA 94111, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objection to Bill of Costs [Doc. No. 864] filed by Plaintiffs Grupo Petrotemex, S.A. de C.V. and DAK Americas, LLC (collectively, "GPT/DAK"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **OVERRULES** the Objection in part, **SUSTAINS** the Objection in part, and **GRANTS** Defendant Polymetrix AG $42,846.60 in costs.

1

**I.      DISCUSSION**

On February 4, 2021, this Court granted Polymetrix's Motion for Summary Judgment and entered judgment in its favor. (Mem. Op. & Order [Doc. No. 859]; Judgment [Doc. No. 860].) Subsequently, Polymetrix submitted a Bill of Costs [Doc. No. 864] requesting the Clerk of Court to tax $300 in Fees of the Clerk, and $45,899.70 in transcription costs for various hearings and depositions conducted during this litigation. GPT/DAK objected to the claim for transcription costs, on three bases. (*See* Obj. to Bill of Costs [Doc. No. 866].) First, GPT/DAK argue that the claimed transcription costs include non-taxable costs like delivery charges and credit-card processing fees. Second, GPT/DAK assert that Polymetrix included fees for expedited processing of the transcripts, without an explanation for why expedited processing was necessary. Finally, GPT/DAK protested that the costs presented for the transcription of several depositions were not itemized, and argued that these costs should either be wholly excluded or reduced by 30% to account for the likelihood that non-taxable costs were included in the figure. In total, GPT/DAK request that the Court deny $34,936.75 or, alternatively, $12,104.43 of Polymetrix's claimed transcription costs.

In response to GPT/DAK's Objection, Polymetrix conceded that its Bill of Costs includes $2,055.91 in non-taxable delivery, credit-card processing, and real-time transcription fees. (Response to Obj. to Bill of Costs [Doc. No. 867], at 2.) In addition, Polymetrix explained the need for its expedited processing costs, and submitted invoices itemizing the transcription costs for several depositions. (*See* Noah Decl. [Doc. No. 868].)

2

Federal Rule of Civil Procedure 54(d) permits a district court to tax costs in favor of a prevailing party, and 28 U.S.C. § 1920 defines which expenses incurred during litigation may be taxed pursuant to Rule 54(d). "Under § 1920, a judge or court clerk 'may tax as costs' fees of the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing 28 U.S.C. §§ 1920(1)-(6)). The Court has "substantial discretion in awarding costs to a prevailing party." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992)).

Where Polymetrix's claimed transcription costs include a surcharge for expedited processing, Polymetrix must adequately explain the need for expedition. *See Delgado v. Hajicek*, No. CIV.07-2186 RHK/RLE, 2009 WL 2366558, at *3 (D. Minn. July 30, 2009) (citations omitted) ("Fees for expedited transcripts are not taxable absent some explanation why expedition was necessary."); D. Minn. Bill of Costs Guide 6 (2015), https://www.mnd.uscourts.gov/sites/mnd/files/forms/Bill-of-Costs-Guide.pdf (noting that the "[c]osts of expedited transcripts produced solely for the convenience of counsel" are not taxable, and "[t]he requesting party must provide an explanation as to why it was necessary to have any transcript produced in an expedited manner."). In addition, many of the invoices submitted by Polymetrix include costs for rough ASCII transcripts. "ASCII fees associated with the quick delivery of a rough transcript . . . are generally 'incurred only for the convenience of counsel and thus are not properly awarded,'" but "ASCII fees

3

can be collected when incurred out of necessity." *Sorin Grp. USA, Inc. v. St. Jude Med., S.C., Inc.*, No. CV 14-4023 (JRT/HB), 2017 WL 3503360, at *7 (D. Minn. Aug. 15, 2017) (citations omitted). If the Court finds that Polymetrix has not adequately explained why the use of expedited transcription services or a rough ASCII transcript was necessary—rather than merely convenient—the Court will deny those costs. And where the invoice does not clearly identify the portion of the transcription cost attributable to non-taxable expedited processing, the Court will exercise its discretion to reduce the amount by 20%. *Cf. Delgado*, 2009 WL 2366558, at *3 ("Because the Court cannot discern the amount of the fee charged for expedited transcripts, it will exercise its discretion and reduce the amount sought by 20%.").

Because Polymetrix has submitted invoices for the previously non-itemized transcription costs, the Court need not consider whether to wholly exclude or reduce those costs, as urged by GPT/DAK. In the table that follows, the Court addresses each item of claimed costs disputed by the parties. The table is organized according to the exhibit identifier used by the parties for the cost's supporting documentation.

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| Hendley Deposition (Exhibit D) | Polymetrix admits that $55 must be deducted for non-taxable shipping and handling costs. The Court finds that no additional deductions are necessary. | $55 |
| Lund Deposition (Exhibit E) | Polymetrix admits that $55 must be deducted for non-taxable shipping and handling costs. The Court finds that no additional deductions are necessary. | $55 |

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| June 4, 2018 Hearing (Exhibit F) | Polymetrix claims $110.40 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was "required to review Court's bench rulings on 90-day jurisdictional discovery and supplemental briefing on motion to dismiss." (Noah Decl. at 2.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| July 19, 2018 Hearing (Exhibit G) | Polymetrix claims $111.60 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was "required to review Court's rulings on IDR." (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| August 14, 2018 Hearing (Exhibit H) | Polymetrix claims $369.75 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was required "to review Court's bench ruling governing the August 21-22, 2018 depositions." (*Id.*) Given the proximity between the hearing and depositions, the Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| January 8, 2019 Hearing (Exhibit J) | Polymetrix claims $796.65 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was required "for preparation for January 22, 2019 evidentiary hearing on Defendant's motion to dismiss." (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| January 9, 2020 Hearing (Exhibit K) | Polymetrix claims $181.80 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was required "to review Court's bench ruling on Plaintiffs' motion to compel JDA." (*Id.*) The Court finds that Polymetrix has adequately | $0 |

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| | justified the need for expedited processing of this transcript. | |
| July 27, 2020 Hearing (Exhibit L) | Polymetrix claims $214.20 in transcription costs, which includes expedited processing. Polymetrix explains that expedited processing was required "to review Court's bench ruling on Plaintiffs' motion re sufficiency of RFA responses and discussion regarding protocol for upcoming remote video depositions in Switzerland beginning on August 3, 2020." (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| November 5, 2020 Hearing (Exhibit M) | Polymetrix claims $189.60 in transcription costs, including daily transcript services. Polymetrix explains that expedited processing was required "to review Court's bench ruling during summary judgment hearing regarding parties' joint submission on Plaintiffs' contributory infringement claims." (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript. | $0 |
| Christel Deposition (Exhibit N) | Polymetrix claims $2,362.80 in transcription costs, including expedited processing and a rough transcript, for Christel's August 21, 2018 deposition. Polymetrix explains that expedited processing was required "to meet Court's September 4, 2018 deadline for parties' joint supplemental briefing schedule." (*Id.* at 3.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. However, Polymetrix concedes that $55 in delivery fees must be excluded. | $55 |
| Christel Deposition Video (Exhibit O) | Polymetrix concedes that $40 in delivery fees must be excluded. (*Id.* at 4.) | $40 |

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| Müller Deposition (Exhibit P) | Polymetrix claims $1,327.90 in transcription costs, including expedited processing and a rough transcript, for Müller's August 22, 2018 deposition. Polymetrix explains that expedited processing was required "to meet Court's September 4, 2018 deadline for parties' joint supplemental briefing schedule." (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. However, Polymetrix concedes that $55 in delivery fees must be excluded. | $55 |
| Müller Deposition Video (Exhibit Q) | Polymetrix concedes that $40 in delivery fees must be excluded. (*Id.*) | $40 |
| Awasthi Deposition (Exhibit R) | Polymetrix claims $1,127.78 in transcription costs for Awasthi's July 22, 2020 deposition. Polymetrix concedes that $65.11 must be deducted for non-taxable real-time transcript and credit-card processing fees. (*Id.*) However, Polymetrix's Bill of Costs already excludes the credit-card processing fee, and therefore only the real-time transcript fee ($20) must be deducted. | $20 |
| Awasthi Deposition (Exhibit T) | Polymetrix claims $2,564.99 in transcription costs for Awasthi's September 29, 2020 deposition. Polymetrix concedes that $118.65 must be deducted for non-taxable real-time transcript and credit-card processing fees. (*Id.*) | $118.65 |
| Rule 30(b)(6) Deposition (Exhibit U) | Polymetrix claims $2,807.00 in transcription costs, including expedited processing and a rough transcript, for this August 3, 2020 deposition. Polymetrix explains that expedited processing was required "because of Plaintiff's allegations that the Rule 30(b)(6) witnesses were not adequately prepared and Defendant's counsel made in appropriate [sic] objections. Defendant's counsel needed to review the transcripts expeditiously in view of Plaintiffs | $237.27 |

7

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| | imminent motion to compel filed September 8, 2020." (*Id.* at 5.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. But Polymetrix concedes that $237.27 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) | |
| Rule 30(b)(6) Deposition (Exhibit W) | Polymetrix claims $3,324.43 in transcription costs, including expedited processing and a rough transcript, for this August 4, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. But Polymetrix concedes that $277.98 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) | $277.98 |
| Rule 30(b)(6)/ Polyakov Depositions (Exhibit Y) | Polymetrix claims $3,290.76 in transcription costs, including expedited processing and a rough transcript, for this August 5, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.* at 6.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. Polymetrix concedes that $211.63 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) However, the Bill of Costs already excludes the $131.63 credit-card processing fee, and therefore only the real-time transcript ($80) and delivery ($85) fees must be deducted. | $165 |

8

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| Polyakov/Christel Depositions (Exhibit AA) | Polymetrix claims $3,055.84 in transcription costs, including expedited processing and a rough transcript, for this August 6, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.*) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. Polymetrix concedes that $247.23 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) However, the Bill of Costs already excludes the $122.23 credit-card processing fee, and therefore only the real-time transcript ($40) and delivery ($85) fees must be deducted. | $125 |
| Christel Deposition (Exhibit CC) | Polymetrix claims $2,795.63 in transcription costs, including expedited processing and a rough transcript, for this August 7, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.* at 7.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. Polymetrix concedes that $216.83 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) However, the Bill of Costs already excludes the $111.83 credit-card processing fee, and therefore only the real-time transcript ($20) and delivery ($85) fees must be deducted. | $105 |
| Müller Deposition (Exhibit EE) | Polymetrix claims $3,192.89 in transcription costs, including expedited processing and a rough transcript, for this August 10, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.*) | $125 |

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| | The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. Polymetrix concedes that $212.72 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) However, the Bill of Costs already excludes the $127.72 credit-card processing fee, and therefore only the real-time transcript ($40) and delivery ($85) fees must be deducted. | |
| Müller Deposition (Exhibit GG) | Polymetrix claims $1,587.28 in transcription costs, including expedited processing and a rough transcript, for this August 11, 2020 deposition. Polymetrix offers the same explanation for expedited processing of this transcript as the August 3, 2020 transcript. (*Id.* at 8.) The Court finds that Polymetrix has adequately justified the need for expedited processing of this transcript, and declines to deduct the expedited and rough transcript costs. Polymetrix concedes that $168.49 in real-time transcript, credit-card processing, and delivery fees must be excluded. (*Id.*) However, the Bill of Costs already excludes the $63.49 credit-card processing fee, and therefore only the real-time transcript ($20) and delivery ($85) fees must be deducted. | $105 |
| Morawski/Sioda Depositions (Exhibit II) | Polymetrix claims $8,871 in transcription costs for these depositions. GPT/DAK object that the invoice submitted in support of this cost is not itemized. The original invoice contained two line-items: One listing a $5,216.65 fee for Morawski's deposition, and another listing a $3,654.35 fee for Sioda's deposition. (Bill of Costs, Ex. II.) Polymetrix submitted an additional "itemized" invoice, which breaks each fee into an "original transcript" item, and a "videotape recording" item. (Noah Decl., Ex. II.) This supplemental invoice is no more | $1,774.20 |

| Disputed Transcript | Analysis | Deduction from Claimed Costs |
|---|---|---|
| | "itemized" than the original, and the Court cannot discern whether the totals include non-taxable costs. Although Polymetrix represents that no non-taxable costs were included, Noah Decl. at 8, the Court suspects the invoice does include such costs. The invoices for each of the foregoing deposition transcripts contained non-taxable costs, which (apart from credit-card processing fees) Polymetrix originally sought to recover. And, considering that the Morawski/Sioda transcriptions were more costly than any of Polymetrix's expedited transcripts, the Court also suspects that the invoice includes a surcharge for expedited processing—which Polymetrix has not explained. Accordingly, the Court will exercise its discretion to reduce the claimed cost by 20%, but will permit Polymetrix to submit an itemized invoice to better establish the taxability of this cost within seven days of this Order.[1] | |
| | Total Deductions from Bill of Costs: | $3,353.10 |

In sum, the Court finds that Polymetrix's Bill of Costs must be reduced by $3,353.10. Accordingly, Polymetrix is entitled to $42,846.60 in costs.

---

[1] *Cf. Delgado v. Hajicek*, No. 07-2186 (RHK/RLE), 2009 WL 2366558, at *3 (D. Minn. July 30, 2009) ("Because the Court cannot discern the amount of the fee charged for expedited transcripts, it will exercise its discretion and reduce the amount sought by 20%."); *Smith v. Toyota Motor Corp.*, No. 2:16CV24 ERW, 2018 U.S. Dist. LEXIS 121484, at *9 (E.D. Mo. July 20, 2018) (rejecting the defendant's claim for transcription costs where the invoice was not itemized, but giving the defendant seven days to submit more detailed invoices).

## II. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objection to Bill of Costs [Doc. No. 864] is **OVERRULED in part** and **SUSTAINED in part**; and

2. The Court **GRANTS** Defendant $42,846.60 in costs.

**IT IS SO ORDERED.**


Dated: April 5, 2021                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge